Fabricant, Judith, J.
INTRODUCTION
The defendant is charged with possession of child pornography and related offenses. The charges arise from a search of his computer, pursuant to a warrant issued by a Massachusetts court, based in part on information obtained as a result of an undercover investigation conducted by a police officer in Ohio. Defendant contends that the evidence should be suppressed because that investigation involved secret interception and recording of electronic communications, in violation of Massachusetts law. For the reasons that will be explained, the motion will be denied.
BACKGROUND
On October 6, 2006, Massachusetts State Police Trooper David McSweeney applied for and received a warrant to search the defendant’s home, including his computer, for child pornography and related evidence. In support of his application he submitted an affidavit including the following facts. In March 2006, Chief Daniel Haueter of the New Waterford, Ohio, Police Department was conducting an undercover investigation into trading of child pornography on the internet. Using the screen name of “Tinagreeneyes 14,” Haueter *394 accessed a chat room on America Online called “I love much older men.” In that setting, he received an instant message from a user with the screen name of “MRAM107TEACHER.” The two conducted a series of instant message exchanges, in which “Tinagreeneyes 14" claimed to be a fourteen-year-old girl, and MRAM107TEACHER identified himself as a forty-year-old male from Massachusetts, gave certain personal details including his name and occupation, and discussed sexual acts he proposed to perform with "Tinagreeneyes 14.”
Haueter continued his investigation in August 2006, this time using the screen name “DADOFIOHIO” in a chat room called “Fathers Chatting.” He received an instant message from MRAM107TEACHER, and the two engaged in a series of exchanges. MRAM 107TEACHER asked DADOFIOHIO if he had pictures of “teens or young” to trade. The two then conducted a series of electronic mail exchanges, during which MRAM107TEACHER sent an e-mail with a photograph attached; the photograph depicted a pre-pubescent girl in a sexually oriented pose.
Haueter then prepared an affidavit in support of a search warrant for records of the user’s AOL account. The Loudon County Sheriffs Office in Virginia obtained and served a warrant on AOL, leading AOL to produce records of the account. Those records identified this defendant as the account holder, and provided his address in Weymouth. Records of the account obtained from AOL also included some fifty images depicting child pornography sent or received through the account. Having received this information from Haueter, McSweeney checked Registry of Motor Vehicles records and confirmed details that MRAM 107TEACHER had provided to Haueter, including his birthdate, the type of car he owned, and the name of his wife. Information obtained through public internet sites confirmed the defendant’s occupation as a high school math teacher.
The Quincy District Court issued a warrant on October 2, 2006, and McSweeney executed the warrant on that date, seizing two computers and related equipment. Images and other materials found on the computers form the basis of the charges now pending against the defendant.
DISCUSSION
The defendant seeks to suppress the evidence found on his computers on the ground that McSweeney’s affidavit relied on information obtained as a result of Haueter’s investigation, which, defendant contends, violated the Massachusetts wiretap statute, G.L.c. 272, §99. That statute prohibits willful interception of any wire communication without a warrant, subject to certain exceptions. See G.L.c. 272, §99C1. The statute defines interception as “to secretly hear, secretly record, or aid another to secretly hear or secretly record the contents of any wire or oral communication through the use of any intercepting device by any person other than a person given prior authority by all parties to such communication.” c. 272, §99B4. See Commonwealth v. Blood, 400 Mass. 61, 73 (1987).
The statute expressly provides that a defendant in a criminal case “may move to suppress the contents of any intercepted wire or oral communication or evidence derived therefrom” if “the communication was unlawfully intercepted.” c. 272, §99P1. The question presented by this motion is whether the defendant’s e-mail and instant message communications were unlawfully intercepted within the meaning of the statute. The Court concludes that they were not, for each of two distinct reasons: First, Haueter received and recorded the communications not in Massachusetts, but in Ohio, where he was not subject to the Massachusetts statute or any similar statute; and second, Haueter’s receipt and recording of the defendant’s communications was not secret, but rather was with the defendant’s knowledge and implicit consent.
A fundamental characteristic of the federal system is that each state is entitled to its own laws, subject to the supremacy of federal law, but that no state may impose its laws on another. See generally, Commonwealth v. Aarhus, 387 Mass. 735, 742 (1982). Massachusetts has not purported to do so; nothing in the wiretap statute suggests any intention to regulate conduct outside the bounds of the Commonwealth. See Commonwealth v. Wilcox, 63 Mass.App.Ct. 131, 139 (2005). Federal law permits recording with the consent of one party to the communication. See Commonwealth v. Blood, supra, 400 Mass. at 67, citing United States v. Caceres, 440 U.S. 741, 750-51 (1979), and United States v. White, 401 U.S. 745, 751 (1971). The defendant has identified no Ohio statute or other authority that would prohibit Haueter’s conduct, and at argument conceded that none exists. Thus, Haueter’s conduct violated no law, and was not “unlawful" within the meaning of c. 272, §99P1. For that reason alone, the defendant’s motion to suppress must be denied.
Even if Haueter had conducted his investigation in Massachusetts, no illegality would have occurred. In State v. Lott, 152 N.H. 436, 439-42 (2005), the Supreme Court of New Hampshire applied a statute similar to ours to facts virtually identical to those presented here. After thoroughly exploring the nature and characteristics of electronic mail and instant messaging, the Court concluded that the defendant there, by using those methods of communication, “as a matter of law, consented to the recording of his communications,” because recording on a computer is inherent in such communications. Electronic mail, the Court reasoned, is essentially the equivalent of leaving a message on an answering machine; one who sends an e-mail anticipates that it will be recorded. *395 Lott, supra, 152 N.H. at 441, citing State v. Townsend, 57 P.3d 255, 260 (Wash. 2002). See also United States v. Maxwell, 45 M.J. 406, 418 (U.S.C.A. Armed Forces, 1996) (likening e-mail to sending a letter; sender retains no control, and no expectation of privacy). Instant messaging, similarly, is automatically recorded on the recipient’s computer. The recording remains as long as the chat window is open, and may remain indefinitely if the recipient uses any of various options that are inherent in the instant messaging program to preserve it. Lott, supra, 152 N.H. at 441, citing State v. Bouse, 150 S.W.3d 326, 329 (Mo.Ct.App.2004). One who uses these methods of communication, the Court concluded, is on notice of the inherent recording, and implicitly consents to it. Lott, supra. The Lott case, although not binding on this Court, is persuasive, and this Court adopts its reasoning to reach the same conclusion.
CONCLUSION AND ORDER
For the reasons stated, the Defendant’s Motion to Suppress Evidence Seized with a Search Warrant is DENIED.